974 P.2d 1064

**David A. MONALIM, Petitioner–Appellant,**

v.

**STATE of Hawai'i, Respondent–Appellee**

**No. 21055.**

Intermediate Court of Appeals of Hawai'i.

Nov. 30, 1998.

---

Reinhard Mohr on the brief for petitioner-appellant.

Bryan K. Sano, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief, for respondent-appellee.

BURNS, C.J., ACOBA and KIRIMITSU, JJ.

Opinion of the Court by BURNS, C.J.

Petitioner–Appellant David Monalim (Monalim) appeals the October 20, 1997 Order Denying Petitioner's Petition for Post Conviction Relief denying Monalim's August 8, 1997 Hawai'i Rules of Penal Procedure Rule 40 petition (Rule 40 Petition) without a hearing. We vacate and remand.

In this opinion, we decide what rights are afforded to and what burdens are imposed upon the parties when the Hawai'i Paroling Authority (HPA) fails to comply with the time limitation specified in Hawai'i Revised Statutes (HRS) § 706–670(7) (1993) for holding a parole revocation hearing after a parolee has been recommitted. That subsection states in relevant part as follows: "When a parolee has been recommitted, the [HPA] shall hold a hearing within sixty days after the parolee's return to determine whether parole should be revoked." HRS § 706–670(7).

## BACKGROUND

Monalim was arrested on February 28, 1992. On January 20, 1992, Monalim was charged by Complaint with Robbery in the First Degree, HRS § 708–840(1)(b)(ii) (1993),[1] and Class A Kidnapping, HRS § 707–720(1)(c) (1993).[2] He pled guilty to the lesser charges of Robbery in the Second Degree, HRS § 708–841(1)(a) (1993),[3] and class B Kidnapping, HRS § 707–720(3) (1993), and was sentenced to concurrent terms of ten (10) years' incarceration for each count. In August 1993 Monalim was released on parole but his parole was revoked in November 1993. In July 1995 Monalim was released on parole, but on April 16, 1997 he was returned to custody on a Parole Violation Warrant. Monalim waived a pre-revocation hearing, and the revocation hearing was scheduled for June 4, 1997. However, as noted in the September 19, 1997 affidavit by Alfred K. Beaver, Sr. (Beaver), Chairperson of the HPA,

> 3. The hearing was not held on the original date because:
>
> The Department of Public Safety ordered a "lockdown" of the Halawa Correctional Facility between the hours of 10 a.m. and 2 p.m. A "lockdown" means that no inmate movement is allowed, and therefore all visitors are asked to leave the facility.
>
> \*　　\*　　\*
>
> 5. It was not possible to hold the hearings within the sixty (60) day period because:
>
> Hearing schedules are made approximately one (1) month in advance due to the processing of appropriate notices to attorneys, inmates, witnesess [sic], parole officers, etc.

Beaver's affidavit did not state any reason for the lockdown.

At the rescheduled hearing on July 9, 1997, the HPA found Monalim "guilty of violation of the terms and conditions of parole" and revoked his parole.

On August 8, 1997, Monalim filed his Rule 40 Petition in which he alleged the following grounds:

1. Violation of HRS § 706–670(7);

2. Violation of Hawai'i Administrative Rules (HAR) § 23–700–43(f) (1992) which also imposes the sixty-day requirement stated in HRS § 706–670(7); and

3. Violation of Monalim's right to due process under the constitutions of the State of Hawai'i and the United States of America.

---

**1.** After Petitioner–Appellant David Monalim (Monalim) was arrested, Hawai'i Revised Statutes (HRS) § 708–840 (1993) was amended to make it gender neutral.

**2.** After Monalim was arrested, HRS § 707–720 (1993) was amended to make it gender neutral.

**3.** After Monalim was arrested, HRS § 708–841 (1993) was amended to make it gender neutral.

On October 20, 1997, the circuit court summarily denied Monalim's Rule 40 Petition on the ground that it failed to state a colorable claim and was patently frivolous and without a trace of support in the record. Monalim appeals this denial.

The sole point on appeal stated in the Amended Opening Brief (AOB) is as follows:

A. THE COURT ERRED IN DENYING THE RULE 40 [PETITION-]WITHOUT A HEARING BECAUSE PETITIONER DID STATE A CLAIM UPON WHICH RELIEF COULD HAVE BEEN GRANTED AND PETITIONER'S CLAIM WAS NOT PATENTLY FRIVOLOUS NOR WITHOUT SUPPORT FROM EVIDENCE SUBMITTED BY PETITIONER.

(Emphasis omitted.)

## DISCUSSION

In its Answering Brief, Respondent–Appellee State of Hawai'i (State) admits that the HPA did not comply with the sixty-day time limitation imposed by HRS § 706–670(7) and HAR § 23–700–43(f). It argues that "[a]lthough there is no case law on point in Hawai'i as to what the remedy is for a violation of [HRS § 706–670(7)], other courts have faced similar situations. Those jurisdictions have overwhelmingly held a due process violation only occurs if the Petitioner shows the delay was *both* unreasonable and prejudicial." (Emphasis in original.)

However, in *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993), the court stated,

18 U.S.C. § 4214(c) requires that the Parole Commission must conduct parole revocation hearings within ninety days of arrest. This court has long held that a violation of § 4214(c) presumptively establishes that the Parole Commission was unreasonable in failing to meet the ninety-day requirement. However, more than mere unreasonableness is required for a court to grant of habeas corpus relief to a federal parolee whose parole was revoked. The parolee must additionally show that actual prejudice was caused by the unreasonable delay.

Both 18 U.S.C. § 4214(c) (1994) and HRS § 706–670(7) require a parole revocation hearing to be held within a specified period of time after a parolee has been recommitted. We conclude that the time limit specified in HRS § 706–670(7) should be enforced in the same way that the Fifth Circuit Court enforces the time limit specified in 18 U.S.C. § 4214(c). We hold that a petitioner is not entitled to relief for the HPA's failure to comply with the time limit specified in HRS § 706–670(7) unless the record shows that the failure to comply (1) was unreasonable and (2) caused the petitioner actual prejudice. With respect to (1), the State's failure to comply with the specified time limit is presumptively unreasonable and it is the HPA's burden to rebut this presumption. With respect to (2), however, it is the petitioner's burden to prove that the State's unreasonable failure to comply caused actual prejudice to the petitioner.

With respect to (1), the State represents that "because of circumstances beyond the control of the [HPA], there was a power outage at Halawa on that day. The lack of power required the rescheduling of [Monalim's] hearing." However, there is no affidavit or sworn or certified document on the record supporting this representation. If such evidence is presented, Monalim has the right to dispute it at a hearing. Monalim also has the right to present evidence and argument that the power outage does not satisfy the HPA's burden of rebutting the presumption that the delay was unreasonable.

With respect to (2), the State represents that at the rescheduled hearing on July 9, 1997, Monalim pled guilty to two violations of his parole. However, there is no affidavit or sworn or certified document on the record supporting this representation.

## CONCLUSION

Accordingly, we vacate the circuit court's October 20, 1997 Order Denying Petitioner's Petition for Post Conviction Relief and we

remand for further proceedings consistent with this opinion.